UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CT-3009-BO

| | | |
|---|---|---|
| ANTHONY DOVE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| GEORGE T. SOLOMON, et al., | ) | |
|     Defendants. | ) | |

Anthony Dove ("Dove") filed this 42 U.S.C. § 1983 action.[1] The matter is now before the court for a frivolity determination. 28 U.S.C. § 1915(e)(2). In reviewing a case, "the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous or malicious; fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Dove also seeks a motion to expedite the case [D.E. 6] and a motion for preliminary injunction [D.E. 7]. In this posture, the matter is ripe for determination.

Dove's complaint states that his requests to prison staff for copies of legal work are denied per prison policy. Compl., D.E. 1, IV. Statement of Claim. He states that he is not

---

[1]Prior to conducting this frivolity review, plaintiff also filed a Motion to Amend on March 19, 2015 [D.E. 10]. A party may amend his pleading once as a matter of right, within 21 days after service or 21 days after service of the responsive pleading Otherwise a party may amend the pleading only by leave and leave shall be given when justice so requires. Fed. R. Civ. P. 15 (a). No service has been made, nor has a responsive pleading been filed. The court shall allow the Motion to Amend [D.E. 10]. Therefore, the court conducts the frivolity review as to both the original complaint, the Motion to Amend, and all other filings in this case. Fed. R. Civ. P. 10(c)(The papers attached to the filings intended to be the complaint or amended complaint are a part of the complaint and amended complaint.).

allowed access to a photocopier but provided with only carbon paper. Id. This, he contends, impedes is access to courts. Id. He does not name a specific suit which has been so impeded or set out an injury therefrom. Dove names the North Carolina Division of Adult Correction, North Carolina Department of Public Safety, North Prisoner Legal Services, Inc., Director of North Carolina Adult Correction George T. Solomon, and Secretary of Public Safety Frank Perry as defendants to the action. Id.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Inmates have a right to reasonable access to state and federal courts and to communicate with attorneys. See, e.g., Bounds v. Smith, 430 U.S. 817, 823 (1977) (right to meaningful access to courts); Ex Parte Hull, 312 U.S. 546, 549 (1941); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978) (per curiam). However, in order to state a claim for denial of access to the courts, the inmate must show actual injury or that defendants' conduct hindered his efforts to pursue a legal claim or show actual harm. See, e.g., Lewis v. Casey, 518 U.S. 343, 351–54 (1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc); American Civ. Liberties Union v. Wicomico County, 999 F.2d 780, 785-86 (4th Cir. 1993). Isolated incidents without negative consequences to plaintiff

2

do not constitute a constitutional deprivation of one's rights. See, e.g., Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983) (occasional accidental opening of legal mail does not state of claim of the denial of one's right to the access of court). The actual-injury requirement applies even in cases "involving substantial systematic deprivation of access to court," including the "total denial of access to a library," or "an absolute deprivation of access to all legal materials." Lewis, 518 U.S. at 353 n. 4 (emphasis in original). Plaintiff has failed to allege any actual injury supported by what appears to be an unfettered ability to communicate with this court in this suit and others.[2]

The meaningful access requirement referred to in Bounds v. Smith, 430 U.S. 817 (1977), does not require total or unlimited access. See High v. Hamden, No. 03–CT–631–H (E.D.N.C. Oct. 29, 2003), aff'd, 88 F. App'x 604 (4th Cir. 2004); Johnson v. North Carolina Department of Correction, No. 5:01–CT–508–H, 2001 WL 34704467, *1 (E.D.N.C. Aug. 21, 2001) ("Plaintiff cannot proceed with a claim challenging the quality of legal assistance afforded under the current scheme for providing legal services where he merely asserts that he is not receiving the level of services he would like."), aff'd, 23 F. App'x 179 (4th Cir. 2002). Specifically, there is no requirement that NCPLS make photocopies upon demand from inmates. NCPLS's refusal to provide photocopies does not amount to a constitutional violation. See Rosser v. Hunt, No. 1:08CV808, 2009 WL 903323, *2 (M.D.N.C. Mar. 31, 2009); Bryant v. Beck, No. 1:08CV181,

---

[2]Dove has filed and litigated numerous cases before this court. See, e.g., Dove v. North Carolina, 5:01-hc-0261-H, D.E. 8, Order (dismissing petition without prejudice for opportunity to exhaust); Dove v. Boyette, 5:02-hc-223-F, D.E. 3, Order (dismissing habeas petition for failure to state a claim); Dove v. Boyette, 5:03-hc-583-FL, D.E. 15, Order (dismissing case on summary judgment), appealed and dismissed and rehearing and rehearing en banc denied; Dove v. Pate, 5:11-ct-3195-BO, D.E. 66, Order (granting defendants' summary judgment three motions without prejudice on 7/16/2014).

2008 WL 2949247, *2–3 (M.D.N.C. July 30, 2008); Johnson v. North Carolina Department of Correction, No. 5:01–CT–508–H, 2001 WL 34704467, *1 (E.D.N.C. Aug. 21, 2001), aff'd, 23 F. App'x 179 (4th Cir. Jan. 11, 2002). And again, no injury has been alleged nor does the court find that one exists especially in light of his ability to file and maintain suits in this court.

In an abundance of caution, the court also finds that any allegations not specifically set out and addressed are too generalized and conclusory, without a basis in fact, meritless, and likewise dismissed. White v. White, 886 F.2d 721, 724 (4th Cir. 1989) (pro se litigant complaints must be liberally construed; however, a minimum level of factual support is required); see also Adams v. Rice, 40 F.3d at 74 (conclusory allegations of retaliation are frivolous).

Accordingly, the amended complaint [D.E. 10] is ALLOWED; however, the claims and case are dismissed as frivolous. All other pending motions [D.E. 6 and 7] are DENIED as MOOT. Having so determined the Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this 11 day of May 2015.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4